IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

BARRY GRANVILLE WILEY, JR.,

    Plaintiff,

v.	CIVIL ACTION NO. 3:07-0382

WAYNE COUNTY PROSECUTING
ATTORNEY'S OFFICE, et al.

    Defendants.[1]

## FINDINGS AND RECOMMENDATION

    In this action, filed under the provisions of 42 U.S.C. § 1983, plaintiff complains of being incarcerated from 2000 to 2004 on murder charges, asserting that he was found not guilty "on the fourth jury trial" in April of 2004. He has named as defendants Jim Young, then Prosecuting Attorney of Wayne County, Tom Plymale, Assistant Prosecuting Attorney and Rex Varney, who he describes as an investigator with the Wayne County Sheriff's Department. Plaintiff asserts that he "should be compensated for the time he served for a crime [he] didn't commit;" however, beyond allegations concerning his incarceration, prosecution and acquittal he has not alleged anything specific with respect to any of the defendants. The matter is presently pending before the Court on

---

[1] Plaintiff named as defendants the Wayne County Prosecuting Attorney's Office and the Wayne County Sheriff's department. Neither, however, is a legal entity subject to suit. In the body of the Complaint he names as defendants Jim Young, Tom Plymale and Rex Varney who are treated as the defendants herein.

application and affidavit of plaintiff seeking leave to proceed in forma pauperis under the provisions of 28 U.S.C. § 1915.

Examination of the application and affidavit establishes that plaintiff is indigent and entitled to proceed herein without prepayment of fees. As a consequence of the fact that plaintiff proceeds in forma pauperis, and in accordance with the requirements of 28 U.S.C. § 1915(e)(2)(B), however, the Court is required to dismiss a case if it determines that the action is "frivolous or malicious" or the complaint "fails to state a claim on which relief may be granted." Examination of the complaint satisfies the Court that plaintiff has failed to state a claim on which relief may be granted and that the complaint and this action must be dismissed.

Apart from the fact that the defendants Young and Plymale,[2] prosecuting attorneys who are alleged in the complaint to have prosecuted plaintiff through the four trials, are immune from liability for monetary damages for initiating and pursuing criminal prosecutions,[3] it is apparent from the complaint that plaintiff's claims are barred by the statute of limitations.

While Congress has failed to provide a specific statute of limitations, the Supreme Court has held that state statutes of limitations for personal injury claims apply to all § 1983 actions, Wilson v. Garcia, 471 U.S. 261, 276 (1985), and in "West Virginia, the statute of limitations for a § 1983 civil rights action is two years." Roberts v. Wood County Commission, 782 F.Supp. 45, 46 (S.D.

---

[2]Rex Varney is simply identified as an investigator. Clearly, with respect to this defendant, as, indeed, is true of Young and Plymale, there are not "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

[3]Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

W.Va. 1992).[4] Federal law governs when a cause of action accrues, Nasim v. Maryland House of Correction, 64 F.3d 951, 955 (4th Cir. 1995), and while it is not possible to determine from the complaint whether the statute of limitations might have started to run earlier,[5] it is clear that, at the latest, plaintiff's cause of action accrued and the statute of limitations began to run on the day following his acquittal[6] in April of 2004.[7] His complaint, however, was not signed until June 6, 2007,[8] well beyond the two year statute of limitations.

## RECOMMENDATION

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that plaintiff's application to proceed in forma pauperis be granted and that his complaint and this action be dismissed.

---

[4] See also, McCausland v. Mason County Board of Education, 649 F.2d 278, 279 (4th Cir. 1981).

[5] See, generally, Wallace v. Kato, 549 U.S. 384 (2007).

[6] Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In the usual case claims would accrue following a reversal, setting aside on writ of habeas corpus or an expungement. In this case the "favorable termination" requirement is obviously satisfied by the acquittal and the cause of action would accrue at that time. Id. at 489-90.

[7] Plaintiff states in his complaint that he was incarcerated until "on or about April 22, 04. I was found not guilty." Records of the Circuit Court of Wayne County indicate that an order was entered on April 27, 2004 in which it is recited that verdicts of not guilty on first degree murder charges were returned by the jury, the case was dismissed and Wiley was ordered released from custody.

[8] A complaint from an incarcerated pro se litigant in a § 1983 action is deemed filed when the plaintiff "delivers his pleading to prison authorities for forwarding to the Court Clerk." Lewis v. Richmond City Police Department, 947 F.2d 733, 735 (4th Cir. 1991).

     Plaintiff is hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Federal Rules of Civil Procedure, he may, within thirteen (13) days from the date of filing of these Findings and Recommendation, serve and file written objections with the Clerk of this Court identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will made a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with provisions of 28 U.S.C. § 636(b) and plaintiff is advised that failure to file timely objections will result in a waiver of his right to appeal from the judgment of the District Court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

     The Clerk is directed to file these Findings and Recommendation and mail a copy of same to plaintiff.

     ENTER: June 5, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE